UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DENNIS LUTHER, JR.**<br>*plaintiff*<br><br>vs.<br><br>**JOHN W. STONE OIL DISTRIBUTOR**, *in personam*, **M/V STONE BUCCANEER**, *in rem*<br>*Defendants* | Civil Case No.:<br><br>JUDGE:<br>MAGISTRATE:<br><br>**COMPLAINT FOR DAMAGES** |

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes the plaintiff, DENNIS B. LUTHER, JR., a resident of the State of Louisiana, who files this Complaint for Damages, Designated as an Admiralty and General Maritime Claim and with respect represents as follows:

### *Costs*

I.

Plaintiff brings this action pursuant to the provisions of 28 U.S.C s 1916 without prepayment of fees and costs, and without deposit of security.

### *Jurisdiction*

II.

Jurisdiction and venue of this matter are proper, as the claims presented herein include a claim for personal injuries of a seaman under Section 33 of the Merchant Marine Act

of 1920, now codified as 46 U.S.C. s 688 commonly known as the Jones Act and the general maritime law of the United States.

## *Venue*

### III.

Venue is proper because the defendant does business in the State of Louisiana and within this district.

## *Parties*

### IV.

Made defendant herein is John W. Stone Oil Distributor, LLC ("JW STONE"), a domestic corporation with its principal place of business in Jefferson Parish, Louisiana.

### V.

Made defendant herein is the tank ship, M/V STONE BUCCANEER, which at all times pertinent hereto was conducting business in this judicial district.

## *Maritime Status*

### VI.

At all times mentioned herein, the M/V STONE BUCCANEER was a vessel operating on the navigable waters of the United States.

### VII.

The defendants are truly and justly indebted to DENNIS B. LUTHER, JR., for reasons set forth in this Complaint:

# **FIRST CAUSE OF ACTION – JONES ACT NEGLIGENCE**

VIII.

At all times pertinent herein the defendant, JW STONE, owned, operated and controlled the vessel, M/V STONE BUCCANEER, a tank ship, operating in the inland waters of the State of Louisiana.

IX.

At all times pertinent herein, the plaintiff, DENNIS B. LUTHER, JR., was employed by JW STONE as a tankerman aboard the M/V STONE BUCCANEER, and in particular at the time of the accidents giving rise to the instant suit.

X.

On or about September 2009, the M/V STONE BUCCANEER was operating in the navigable waters of Louisiana. During that time, Mr. Luther was working overhead using a grinder and needle gun, manually rolling drums, lifting, and throwing. Mr. Luther began to feel severe pain in his right shoulder and arm. Plaintiff's right shoulder and arm were seriously injured.

XI.

The above described accident was caused by the negligence of JW STONE as DENNIS B. LUTHER, JR., Jones Act employer, personally and vicariously through the fault of the Captain of the M/V STONE BUCCANEER, in the following non-exclusive particulars:

    a)     Failing to man the M/V STONE BUCCANEER with an adequate and sufficient crew for its mission;

    b)     Failing to provide the plaintiff with a safe place in which to work; Causing,

        allowing and permitting the vessel and her appurtenances to be in a dangerous, defective and hazardous condition;

c)    Requiring the plaintiff to perform task that he was not experienced or properly trained to perform;

d)    Failing to maintain the vessel in safe operating order;

e)    Requiring the plaintiff, over the period of his employment, to move unreasonably heavy objects, including but not limited to drums weighing in excess of four hundred pounds, in an unsafe and unreasonable manner; and

f)    Other acts of negligence and/or fault to be discovered or proven at trial.

XII.

The above described acts and omissions of JW STONE, as the employer of DENNIS B. LUTHER, JR., constitute negligence under the provisions of the Jones Act, said negligence causing the damages set forth herein below. Defendant is further per *se* negligent under the Jones Act for violations of various safety statutes and regulations, to be discovered or proven at trial.

XIII.

Over the course of Plaintiffs employment he was subjected to numerous micro-traumas to his right shoulder and right bicep. These micro-traumas were caused by Defendants' negligence, lack of training of plaintiff, lack of safe work procedures (especially in the movement of oil barrels and the use of overhead vibrating tools), lack of a safe work

environment, and unseaworthiness. These micro-traumas eventually resulted in Plaintiff's alleged injuries.

## SECOND CAUSE OF ACTION - UNSEAWORTHINESS

XIV.

The defendant, JW STONE, is further liable to the complainant for his damages, as those damages were additionally and/or alternatively caused by or contributed to by the unseaworthiness of the vessel, M/V STONE BUCCANEER, in that the vessel and her appurtenances were being operated in such a manner as to unreasonably endanger the plaintiffs safety; said vessel and her appurtenances were in a dangerous, defective and hazardous condition; the vessel lacked the required maintenance, and her equipment was not in proper working order.

XV.

DENNIS B. LUTHER, JR., has suffered damages, the full extent of which are not known to him, but upon information and belief include the following:

    a)    Past physical pain, suffering and discomfort;

    b)    Past mental anguish, aggravation, and annoyance;

    c)    Disability;

    d)    Future physical pain, suffering and discomfort;

    e)    Future mental anguish, aggravation and annoyance;

    f)    Past medical expenses;

    g)    Past lost wages;

h)  Future lost wages;

i)  Property damage;

j)  Loss of use of vehicle;

k)  Loss of enjoyment of life;

l)  Loss of use/function of parts of body;

m)  Impairment of psychological functioning;

n)  Disability from engaging in recreation;

o)  Destruction of earning capacity.

### XVI.

Petitioner strictly reserves the right to amend and supplement this complaint as necessary concerning damages.

## *In Rem*

### XVII.

This is a claim within the admiralty and maritime jurisdiction of the Court, within the meaning of the Rule 9(h) of the Federal Rules of Civil Procedure.

### XVIII.

Based on information and belief, the defendant vessel, M/V STONE BUCCANEER, at all times pertinent hereto was a vessel within the water and jurisdiction of the United States District Court, Eastern District of Louisiana.

XIX.

The plaintiff asserts a maritime lien against the M/V STONE BUCCANEER based upon entitlement to damages resulting from the unseaworthiness of the said vessel causing or contributing to the harm alleged.

XX.

The plaintiff petitions the Court to authorize, direct and issue a warrant or arrest instructing the U.S. Marshall to seize the M/V STONE BUCCANEER, her engines, appurtenances and tugging licenses and to detain the same in legal custody until further order of the Court.

XXI.

The plaintiff petitions this Court to declare a valid and subsisting lien against the M/V STONE BUCCANEER, for a judgment *in rem* against the vessel and to issue an order directing the sale of the vessel, her engines, tackle, appurtenances and tugging rights, directing the disbursement of the proceeds to the plaintiff to the extent necessary to satisfy the judgment against said vessel, reserving any and all rights *in personam* against the named defendants.

XXII.

Plaintiff requests trial by jury.

WHEREFORE, the plaintiff, DENNIS B. LUTHER, JR., reincorporates each and every allegation above, and prays for judgment against the defendant and each of them, jointly and severally, as follows:

1) For specific and general damages;

2) For the maritime lien on behalf of plaintiff to be recognized and judgment *in rem* rendered against the M/V STONE BUCCANEER, and said vessel sold at judicial sale with disbursement of proceeds to plaintiff according to law;

3) For prejudgment interest according to the general maritime law;

4) For attorney's fees according to the general maritime law;

5) For the plaintiffs costs of suit incurred herein;

6) For such other relief as the Court may deem just.

| CERTIFICATE OF SERVICE | RESPECTFULLY SUBMITTED: |
|---|---|
| I do hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.<br>/s/ Ryan E. Beasley Sr. | /s/ Ryan E. Beasley Sr.<br>Anh Quang Cao (Bar No. 26836)<br>Ryan E. Beasley Sr., *Of Counsel* (Bar No. 28492)<br>**CAO LAW FIRM**<br>2439 Manhattan Blvd, Suite 302<br>Harvey, Louisiana 70058<br>504.367.5001<br>504.684.1231 (fax)<br>Email: rbeasley@caolawfirm.com |